UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
MARTIN KAVICKY and KATHRYN     :
KAVICKY,                       :
                               :
     Plaintiffs,               :
                               :
v.                             :   Civil No. 3:06CV01812(AWT)
                               :
WASHINGTON MUTUAL BANK, F.A.,  :
                               :
                               :
     Defendant.                :
------------------------------x
```

## RULING ON MOTION TO DISMISS

Plaintiffs Martin and Kathryn Kavicky bring this action against Washington Mutual Bank ("WAMU") in a two-count complaint. The First Count sets forth a breach of contract claim, and the Second Count sets forth a claim pursuant to the Connecticut Unfair Trade Practices Act ("CUTPA") Conn. Gen. Stat. § 42-110a, et seq. The defendant has moved to dismiss the plaintiffs' complaint in its entirety, arguing that their claims are preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and that the complaint fails to state a claim upon which relief can be granted. For the reasons set forth below, the defendant's motion to dismiss is being denied.

I. **FACTUAL ALLEGATIONS**

In December 1997, the plaintiffs were indebted to Great Western Bank by virtue of a note and mortgage, which were

subsequently acquired by WAMU. After the plaintiffs defaulted on the note and the defendant proceeded with foreclosure proceedings, the plaintiffs sought relief from the court by requesting a restructuring of the loan. The court ordered that the loan be restructured. Between November 1998 and July 2002, the defendant allegedly failed to restructure the loan, and on or about July 10, 2002 the plaintiffs filed a motion for contempt based on the defendant's inaction. On or about October 7, 2002, the parties reached a stipulated agreement ("2002 Stipulated Agreement"), which was intended to resolve all the issues between the parties.

The plaintiffs allegedly fulfilled their obligations under the 2002 Stipulated Agreement by April 2003, but the defendant did not comply with the 2002 Stipulated Agreement. As a result of WAMU's alleged breach of contract, the plaintiffs claim they suffered substantial harm in financial dealings, as well as emotional distress and anxiety.

**II. LEGAL STANDARD**

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no

2

set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dept. Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999), quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).

**III. DISCUSSION**

The plaintiffs' first claim is for WAMU's alleged breach of the 2002 Stipulated Agreement. The defendant appears to argue that the plaintiffs' claims involve alleged credit misreporting after notice of the credit dispute was given to the plaintiffs and therefore, as state law claims, are preempted pursuant to 15 U.S.C. § 1681t.

The FCRA prevents the imposition of any "requirement or prohibition . . . under the laws of any State" with respect to "section 1681s-2 . . . relating to the responsibilities of persons who furnish information to consumer reporting agencies .

3

. . . ." 15 U.S.C. § 1681t(b)(1)(F). Accordingly, in Holtman v. Citifinancial Mortgage Co. a common law claim of defamation based on the defendant's false reporting to credit reporting agencies and failure "to determine the validity of its claims" despite being apprised by the plaintiffs of its errors, was preempted pursuant to section 1681t(b)(1)(F). No. 3:05-cv-1571, 2006 U.S. Dist. LEXIS 43730, at *10 (D. Conn. June 19, 2006). However, the FCRA does not preempt breach of contract actions. In Larobina v. First Union Nat'l Bank, No. CV990170845S, 2004 Conn. Super. LEXIS 1784, at *9 (Conn. Super. Ct. June 28, 2004), the court granted the plaintiff's motion to strike special defenses with respect to defenses based on federal preemption pursuant to the FCRA. Where the plaintiff alleged a breach of contract claim based on "violat[ion of] the expressed terms of the Note" (id. at *8) "[b]y . . . failure, refusal and/or neglect to report the plaintiff's dispute to said agencies" (id. at *7), the court found FCRA's preemption sections inapplicable. Id. at *9, *12. The court stated, "Title 15 U.S.C. §§ 1681s-2 and 1681t(b)(1)(F) do not apply to breach of contract claims." Id. at *12.

Here, the court concludes that the plaintiffs' claims are not preempted under this section because the alleged conduct at issue does not fall under 15 U.S.C. § 1681s-2. "Section 1681s-2(a) establishes that those who furnish information to consumer reporting agencies must do so accurately," while "Section 1681s-

4

2(b) . . . addresses the duties of those who furnish information to consumer reporting agencies once they receive notice of a dispute regarding the completeness or accuracy of the information they provide." Holtman, 2006 U.S. Dist. LEXIS 43730, at *9. The plaintiffs' breach of contract claim is not based on either the accuracy of information reported or WAMU's duties once it was informed of the dispute.[1] Rather, the plaintiffs' claim is based on "'the formation of an agreement, performance by one party, [and] breach of the agreement by the other party and damages'" and is therefore not preempted. Larobina, 2004 Conn. Super. LEXIS 1784, at *9 (citation omitted). The mere fact that WAMU is a "furnisher of information" under Section 1681s-2 does not insulate WAMU from liability under contracts that pertain to subject matter addressed by Section 1681s-2, as opposed to claims being asserted under Section 1681s-2.

The Second Count alleges a CUTPA claim based on WAMU's alleged unfair and deceptive acts or practices. The plaintiffs state that "the entire thrust of the plaintiffs' claim is that

---

[1] The plaintiffs' complaint contains allegations that, following the order of the Connecticut state court, but prior to the execution of the 2002 Stipulated Agreement, the defendant falsely reported to credit agencies that the defendants were delinquent on their note. See Complaint, at ¶ 8.b. However, such allegations merely explain the background events which led to the execution of the 2002 Stipulated Agreement and do not form the basis for the plaintiffs' claims. The 2002 Stipulated Agreement purported to resolve all of the issues between the parties, including those with respect to disclosures that WAMU was to make to credit reporting agencies.

the defendant failed to live up to certain promises it voluntarily made in the course of a state legal proceeding that it commenced, seeking to foreclose on the plaintiffs' Connecticut property." (Memorandum of Law in Opposition to Defendant's Motion to Dismiss (Doc. No. 10), at 6-7). As explained by the plaintiffs, their CUTPA claim is based on the alleged breach of contract and the circumstances surrounding the alleged breach. Therefore, the plaintiffs' CUTPA claim is not preempted by the FCRA.

**IV. CONCLUSION**

For the reasons set forth above, defendant's Motion to Dismiss (Doc. No. 9) is hereby DENIED.

It is so ordered.

Dated this 5th day of May 2007 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge